The judgment of the court was pronounced by
Slidell, J.
This is an action to recover from the defendant the amount of a judgment obtained against him in the State of Pennsylvania.
The defendant, in his answer, denied that he was in any wise indebted to the plaintiff; and alleged if any claim ever existed against him the same has been compensated. He further pleaded that the judgment, if any there were, was obtained without the appearance of defendant or his counsel, and contrary to all the laws and rules of proceedings of the State of Pennsylvania, and is wholly null and void.
By an inspection of the duly authenticated transcript of the Pennsylvania record, it appears that Jarvis was personally summoned or cited in the cause; that he applied by counsel for time to file an affidavit of defence ; that thereafter there was judgment for want of an affidavit of defence ; that subsequently, on motion of Ovid Johnson, Esq., attorney for defendant, and upon a rule to show cause, the judgment was opened. Some months thereafter, a plea of non-assumpsit, set-off, &c., was filed by Johnson and Green, styling themselves attornies of the defendant, Jarvis; and after another interval of several months, the cause was tried ex parte before a jury, and there was a verdict for the plaintiff, and judgment thereon.
Our attention will be first directed to a bill of exceptions, by which it appears “ that the defendant offered in evidence the testimony of Ovid, F. Johnson, counsel of record in Philadelphia for the defendant in the cause, in which the judgment was rendered, to show that the said judgment was by default, and without the appearance of either the defendant or his counsel at the trial and judgment, and by the laws of Pennsylvania, was a judgment by default. ” The counsel for plaintiff objected to this testimony on the ground that the record was the only evidence of the. appearance or non-appearance of counsel, and that no parol evidence could be received to show how the judgment was obtained. This objection was sustained by the court; to which defendant excepts.
So far as the testimony offered went to show that the case was tried ex parte, without the appearance of the defendant or his counsel at the trial, its rejection did the defendant no injury ; for the fact appeared by the record itself. Nor, in our opinion, was it material what particular designation is given in Pennsylvania to such a judgment, unless the defendant was prepared to show that a judgment of that kind had not, in that State, the force and effect of a final judgment, which on its face it purports to have. If the defendant was so pre *44 pared, it should have been suggested to the court; .otherwise, under the particular circumstances .of .the case, the witness’s testimony was apparently immaterial, and conducive-to no useful purpose in the decision of the cause.
There was also a bill of exception taken to the refusal of the court to admit testimony offered .by ,the defendant touching the state of accounts between plaintiff and defendant. The 'bill is obscurely drawn. So far as we can gather from it what occurred in the court below, it would seem that the defendant desired to go into the accounts already litigated in Pennsylvania. Such an investigation was not admissible. The defendant having been personally cited in that action, and having had an opportunity of contesting the plaintiff’s claim there, the malter became vets judicata. If .the judgment of the Pennsylvania court, which has not been impeached upon any lawful ground, was erroneous, the remedy of the party was by motion for a new trial, or by carrying the cause before an appellate court ip that State. Jn the absence of any evidence either impeaching the judgment or tending to show that i.t had not, under the laws of Pennsylvania, the .effect of a final judgment, which it purports on its face to have, we are bound to consider it as having the force of the thing adjudged. Lends v. Wilder, 4 Ann. 574.
If the court had instructed the jury as requested, according to the third bill of exceptions, they still would not have been justified in finding a .different verdict. This refusal therefore so to charge was immaterial.
Judgment affirmed, with costs..